Nathan GILLIS, Plaintiff–Appellant,

v.

Rick RAEMISCH, et al., Defendants–
Appellees.

No. 11–1632.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 31, 2011.*

Decided Aug. 31, 2011.

Rehearing En Banc Denied Oct. 4, 2011.

Nathan Gillis, Portage, WI, pro se.

Charlotte Gibson, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendants–Appellees.

Before RICHARD A. POSNER, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, DIANE P. WOOD, Circuit Judge.

### ORDER

Nathan Gillis, a Wisconsin inmate, brought this action under 42 U.S.C. § 1983, claiming that prison officials punished him in retaliation for reporting guard brutality and acted with deliberate indifference to unconstitutional prison conditions. Gillis later asked the court to "arrange" an inspection of the prison so he could document certain conditions for his deliberate-indifference claim, and the court denied the request. In subsequent filings, Gillis complained that prison officials set overly severe restrictions on a visit he proposed for an inspector he himself had hired, but a magistrate judge found nothing wrong with the prison's handling of the matter. Later, the district court granted summary judgment for the defendants, and Gillis appeals. We affirm.

Gillis's brief on appeal rehashes his claims of retaliation and deliberate indifference, as well as his contention that the district court erroneously "refused" his request for an inspection. But he barely raises any legal challenge to the court's decision. See FED. R. APP. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Generously construing his brief, we discern one issue. He argues that the court improperly discredited his allegations by determining that he "failed to submit proposed findings of fact sufficient to put critical issues into dispute." Gillis, however, misapprehends the court's statement. The court was commenting not on Gillis's credibility, but merely his failure to produce evidence raising a genuine dispute over whether his rights were violated, as was his burden at summary judgment. See FED. R. CIV. P. 56(c)(1); *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir.2010).

AFFIRMED.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R.APP. P. 34(a)(2)(C).